IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GICELMA CLAUDIA DA COSTA XAVIER,

Plaintiff,

vs.

CARRIE M. SELBY, in her official capacity as Acting Associate Director, Service Center Operations, U.S. Citizenship and Immigration Services; JOSEPH B. EDLOW, in his official capacity as Director, U.S. Citizenship and Immigration Services; and MARKWAYNE MULLIN, Secretary of the Department of Homeland Security;

Defendants.

**4:26CV3101**

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS IN PART FOR FAILURE TO STATE A CLAIM**

In her First Amended Complaint for Declaratory and Injunctive Relief, Plaintiff Gicelma Claudia Da Costa Xavier seeks judicial review under the Administrative Procedure Act ('APA'), 5 U.S.C. §§ 701 *et seq.*, of the June 5, 2026, final agency action by the United States Citizenship and Immigration Service (USCIS) denying Da Costa Xavier's Form I-140, Immigrant Petition for Alien Worker, seeking classification as an alien of extraordinary ability (EB-1A) under the Immigration and Nationality Act (INA) § 203(b)(1)(A), codified at 8 U.S.C. § 1153(b)(1)(A), and 8 C.F.R. § 204.5(h). Filing 21 at 2 (¶ 4). In response, Defendants filed a Motion to Dismiss in Part Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim. Filing 23. Although Defendants' Motion does not state what part of Da Costa Xavier's First Amended Complaint Defendants ask the Court to dismiss, the supporting brief clarifies that Defendants seek dismissal of "Count 2 in its entirety and, to the extent Count 3 challenges the *Kazarian* policy, Count 3 should also be

dismissed with prejudice." Filing 24 at 2. For the reasons stated below, Defendants' Motion is granted as to Count II, but the Motion is denied as to Count III.

## I. INTRODUCTION

This is not the first time that the Court has addressed an immigrant's challenge to USCIS's adoption of the *Kazarian* policy to adjudicate applications for "extraordinary ability" visas.[1] Moreover, the questions currently presented by Defendants' Motion to Dismiss the challenge to the *Kazarian* policy are legal ones not factual ones.

As to the visa at issue in this case, the Fifth Circuit explained,

> The [EB-1A] visa, colloquially dubbed the "Einstein" or genius' visa, is available to those whose extraordinary ability "has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation."

*Amin v. Mayorkas*, 24 F.4th 383, 386–87 (5th Cir. 2022) (quoting 8 U.S.C. § 1153(b)(1)(A). Da Costa Xavier challenges Defendants' use of a two-step adjudicative procedure for "extraordinary ability" visas under the so-called *Kazarian* policy adopted by USCIS in 2010 and based on *Kazarian v. USCIS*, 596 F.3d 1115 (9th Cir. 2010). Filing 21 at 6–7 (¶ 30). Under the *Kazarian* policy, USCIS first examines whether the alien meets certain criteria set out in a regulation, 8 C.F.R. § 204.5(h)(3)(i)–(x), then considers the totality of the evidence to make a "final merits determination" regarding the required high level of expertise for the immigrant classification. USCIS Policy Memorandum, PM-602-0005.1, 2010 WL 5597716. Da Costa Xavier argues,

---

[1] *See* *Etsy, Inc. v. Jaddou*, No. 4:22CV3022, 2023 WL 3689555, at *23 (D. Neb. May 25, 2023) (dismissing with prejudice a plaintiff's claim that the *Kazarian* policy is *ultra vires* and procedurally unsound); *Agrawal v. Miller*, No. 4:24CV3143, 2025 WL 2879217, at *24 (D. Neb. Sept. 12, 2025) (denying a plaintiff's motion for summary judgment in its entirety and granting the defendants' motion for summary judgment as to all three of plaintiff's claims where the defendants' use of the two-step adjudicative procedure under the *Kazarian* policy was central to the plaintiff's claims); *Sesham v. Miller*, No. 4:26CV3042, 2026 WL 3093359 (D. Neb. Sept. 14, 2026) (rejecting substantive and procedural challenges to the adoption of the *Kazarian* policy); *Agarwal v. Miller*, No. 4:26CV3049, 2026 WL 2884217 (D. Neb. Sept. 25, 2026) ) (same); *Rakhmatullin v. Miller*, No. 4:26CV3076, 2026 WL 3059603 (D. Neb. Sept. 29, 2026) (same)

"Neither step two nor the phrase 'final merits determination' appears in INA § 203(b)(1)(A) [8 U.S.C. § 1153(b)(1)(A)] or 8 C.F.R. § 204.5(h)." Filing 21 at 7 (¶ 30).

In Count II of her First Amended Complaint, Da Costa Xavier asserts a claim captioned "Application of the 'Final Merits Determination,' a Legislative Rule Adopted Without Notice-and-Comment Rulemaking — 5 U.S.C. §§ 553, 706(2)(D)." Filing 21 at 20. Although the caption might suggest that the focus of the claim is how the *Kazarian* policy's second step was applied to Da Costa Xavier, the focus of the claim is the adoption by USCIS of the rule based on the *Kazarian* decision. After incorporating preceding paragraphs, the claim states,

> 99. The "final merits determination" is a substantive requirement that governs the outcome of EB-1A adjudications. It appears in neither INA § 203(b)(1)(A) nor 8 C.F.R. § 204.5(h).
>
> 100. USCIS adopted it in 2010 by memorandum, without notice-and-comment rulemaking, and without acknowledging that it was displacing the single-step approach the agency had applied since 1991. The agency's own 1995 rulemaking, RIN 1115-AD55, had classified the change as substantive; that rulemaking never reached final action.
>
> 101. A legislative rule adopted without compliance with 5 U.S.C. § 553 is action taken "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

Filing 21 at 20 (¶¶ 99–101). The claim then points out that another judge of this Court concluded that the two-tier analysis under the *Kazarian* policy "was not valid at its inception." Filing 21 at 20 (¶ 102) (quoting *Mukherji v. Miller*, 837 F. Supp. 3d 1022, 1034 (D. Neb. 2026)). The claim also asserts that USCIS applied the final merits determination to deny Da Costa Xavier's application without addressing *Mukherji*. Filing 21 at 20 (¶ 103). The claim ends with the allegation, "The Denial, to the extent it rests on the final merits determination, must be held unlawful and set aside. 5 U.S.C. § 706(2)(D)." Filing 21 at 21 (¶ 104).

In contrast, Count III of Da Costa Xavier's First Amended Complaint, captioned, "Arbitrary and Capricious Agency Action — 5 U.S.C. § 706(2)(A)," focuses on USCIS's

examination of the evidence. *See* Filing 21 at 21 (¶¶ 106–110). It is on that basis that Da Costa Xavier alleges in Count III that the denial of her application "must be held unlawful and set aside." Filing 21 at 22 (¶ 111). The Court rejects Defendants' suggestion that this claim challenges the *Kazarian* policy to some extent—indeed, Count III does not challenge the *Kazarian* policy at all. Filing 24 at 2. Thus, to the extent Defendants seek dismissal of Count III, their Motion is denied.

## II. LEGAL ANALYSIS

### A. Applicable Standards

*1. Pleading Standards*

To state a claim, "a pleading" need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, Federal Rule of Civil Procedure 12(b)(6) provides for a motion filed pre-answer (or pre-responsive pleading) to dismiss claims "in any pleading" asserting "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Eighth Circuit Court of Appeals explained the Rule 12(b)(6) standards as follows:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 [, 129 S.Ct. 1937, 173 L.Ed.2d 868] (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

*Geivett v. AMC Mgmt., LLC*, 158 F.4th 900, 903 (8th Cir. 2025).

Rule 12(b)(6) also permits dismissal when a claim is not cognizable under applicable law. As the Supreme Court explained,

> Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain

> something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) . . . .

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In other words, a claim must be both factually plausible and legally cognizable. *See, e.g., Couzens v. Donohue*, 854 F.3d 508, 517 (8th Cir. 2017) (holding dismissal was appropriate where Missouri did not recognize a claim for false light invasion of privacy); *Thomas v. Bd. of Regents of Univ. of Nebraska*, No. 4:20CV3081, 2022 WL 1491102, at *18 (D. Neb. May 11, 2022) (agreeing with defendant that the plaintiffs had failed to state a claim, because a disparate-impact claim is not cognizable under the Equal Protection Clause); *Freeney v. Galvin*, No. 8:19CV557, 2020 WL 229996, at *2 (D. Neb. Jan. 15, 2020) (finding the plaintiff failed to state a § 1983 claim against the manager of his private place of employment because such a claim is not cognizable where a private person is not a state actor or engaged in joint action with the state or its agents).

Da Costa Xavier believes that the question on Defendants' Motion to Dismiss is whether she has plausibly pleaded her challenge to the *Kazarian* policy. *See* Filing 25 at 2 (arguing that the First Amended Complaint plausibly alleges that the USCIS policy based on *Kazarian* "is plausibly a legislative rule" and that a claim that relies on a decision of another judge of this District is "plausible"), 8–13 (arguing that Count II states a plausible claim that the "final merits determination" is a legislative rule improperly adopted). The Court disagrees. Da Costa Xavier has not made plausible factual allegations but has alleged "legal conclusions drawn from the facts"—specifically, legal conclusions that the *Kazarian* policy was improperly adopted—but the Court need not accept such legal conclusions as true. *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021). The important questions are the legal ones of whether the *Kazarian* policy

was properly adopted through notice-and-comment procedures. Filing 21 at 20 (¶¶ 99–101). Thus, in this case, the "legal cognizability" standard for statement of a claim applies.

*2. APA Standards*

Count II of Da Costa Xavier's First Amended Complaint is a procedural challenge under 5 U.S.C. § 706(2)(D) to USCIS's adoption of the *Kazarian* policy without adherence to the notice-and-comment requirements of 5 U.S.C. § 553. Under § 706(2)(D), an agency rule may be invalidated on procedural grounds. *Northport Health Servs. of Arkansas, LLC v. U.S. Dep't of Health & Hum. Servs.*, 14 F.4th 856, 866 (8th Cir. 2021) (explaining that a court may set aside agency action under the APA if *inter alia* it is "without observance of procedure required by law" (quoting 5 U.S.C. § 706(2)(D))), *cert. denied sub nom. Northport Health Servs. of Arkansas, LLC v. Dep't of Health & Hum. Servs.*, 143 S. Ct. 294 (2022); *Children's Health Care v. Centers for Medicare & Medicaid Servs.*, 900 F.3d 1022, 1025 (8th Cir. 2018) (same).

Section 553(b) sets out the notice-and-comment requirement for agency rulemaking. 5 U.S.C. § 553(b). However, it then provides,

> Except when notice or hearing is required by statute, this subsection does not apply–
>
> > (A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice; or
> >
> > (B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

5 U.S.C. § 553(b). Thus, whether notice-and-comment procedures are required turns on the kind of rule at issue, excluding from the requirement among others "interpretive" rules. 5 U.S.C. § 553 (exception (A)).

### B. Plaintiff's Challenges to the *Kazarian* Policy Are Timely but Unavailing

The Court rejects Defendants' contention that Claim II is untimely. Filing 24 at 26.[2] In *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. 799 (2024), the Supreme Court held that "[a]n APA claim does not accrue for purposes of § 2401(a)'s 6-year statute of limitations until the plaintiff is injured by final agency action." 603 U.S. at 825. In light of that holding, Defendants' argument that the time for a challenge to the adoption of the *Kazarian* policy ran from the date that the policy was adopted, Filing 24 at 26–27, is simply untenable. Here, Da Costa Xavier was not injured by final agency action—adoption of the *Kazarian* policy—until the *Kazarian* policy was used to deny her I-140 EB-1A Petition on June 5, 2026. Filing 1 at 1 (¶ 1); *Corner Post*, 603 U.S. at 825, 144 S.Ct. 2440 (defining the date of injury as when a claim accrues under § 2401). Thus, the 6-year statute of limitations under § 2401(a) on her claim challenging that final agency action has not yet run. *Corner Post*, 603 U.S. at 825; *N. Dakota Retail Ass'n*, 113 F.4th at 1027.[3]

Nevertheless, Da Costa Xavier's challenge to adoption of the *Kazarian* policy is not cognizable as a matter of law because the notice-and-comment requirements did not apply. As the Supreme Court explained a decade ago, the notice-and-comment requirements of 5 U.S.C. § 553(b)(A) do not apply to "interpretive rules, general statements of policy, or rules of agency

[2] Although this Court addressed a statute of limitations argument in a prior decision, the Court relied on *North Dakota Retail Association v. Board of Governors of the Federal Reserve System*, 55 F.4th 634 (8th Cir. 2022), as setting out the controlling standard in terms of whether the challenge at issue was "facial" or "as-applied." *Etsy, Inc.*, 2023 WL 3689555, at *9–12. The problem—as Da Costa Xavier points out—is that subsequently in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. 799 (2024), the Supreme Court clarified when the 6-year limitations period under 28 U.S.C. § 2401(a) begins to run on an APA claim using a much different focus. Filing 25 at 2–3. In *Corner Post*, the Supreme Court concluded that an APA claim accrues when the plaintiff is injured by final agency action. *Corner Post*, 603 U.S. at 804.

[3] The Court also finds it unnecessary to address Da Costa Xavier's argument that Defendants rely on a characterization of her First Amended Complaint as alleging that the *Kazarian* policy was "ultra vires" when she states no such argument. Filing 25 at 6. Defendants also squarely addressed Da Costa Xavier's contention that the adoption of the *Kazarian* policy required notice and comment, which is the crux of Count II.

organization, procedure, or practice." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015) (quoting the statute). In *Iowa League of Cities v. EPA*, 711 F.3d 844 (8th Cir. 2013), the Eighth Circuit adopted a de novo standard of review for "the categorization of an agency's action as a legislative or interpretative rule" because that issue "is largely a question of law." 711 F.3d at 872; *see also id.* at 867 (agreeing with other courts that "whether a Guidance Document is a legislative rule is largely a legal, not a factual, question, turning primarily upon the text of the Document" (citation omitted)). The Supreme Court also explained, "For our purposes, it suffices to say that the critical feature of interpretive rules is that they are 'issued by an agency to advise the public of the agency's construction of the statutes and rules which it administers.'" *Perez*, 575 U.S. at 96–97 (quoting *Shalala v. Guernsey Memorial Hospital*, 514 U.S. 87, 99 (1995)). The Eighth Circuit has explained that, in contrast, a rule is "legislative" and thus requires notice-and-comment procedures if it "amends or adds to, versus simply interpreting the contours of, a preexisting rule." *Children's Health Care v. Centers for Medicare & Medicaid Servs.*, 900 F.3d 1022, 1025 (8th Cir. 2018) (quoting *Iowa League of Cities*, 711 F.3d at 873, in turn citing *U.S. Telecomm. Ass'n v. FCC*, 400 F.3d 29, 34-35 (D.C. Cir. 2005)). The fact that a rule or agency pronouncement is "binding" does not necessarily determine whether or not it is "legislative." *Iowa League of Cities*, 711 F.3d at 873.

The *Kazarian* policy is not "legislative" as a matter of law because it does not substantively amend or add to either the statute or the preexisting regulation or impose new requirements. *See Etsy, Inc.*, 2023 WL 3689555, at *21. The *Kazarian* policy aligns with the requirements of 8 U.S.C. § 1153(b)(1)(A) and 8 C.F.R. § 204.5(h) and adheres to the preexisting burden of proof. *Id.* The *Kazarian* policy was also issued to advise the public and adjudicators of the agency's construction of the applicable statutes and rules, so it is an "interpretive" rule. *Id.* at *22 (citing *Amin*, 24 F.4th

at 392). To forestall any argument that this conclusion defers to the agency's statement and does not follow from the Court's own "exercise [of its] independent judgment," *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Court hastens to add that the agency's statements conform to this Court's exercise of its own independent judgment. The Court has not conformed its judgment to the agency's, as should be apparent from this Court's evaluation of whether the *Kazarian* policy conforms to the statute and regulation controlling adjudication of an "extraordinary ability" visa set out most recently in a *Rakhmatullin*, 2026 WL 3059603, at *6–7.

For the reasons stated in *Etsy*, the Court also rejects Da Costa Xavier's argument that the 1995 failed attempt to enact the same 2-step framework as a "legislative" rule shows that the *Kazarian* policy is not merely an "interpretive" rule. Filing 25 at 2. The irony of Da Costa Xavier's reliance on an agency's alleged prior interpretation of a similar rule to argue that the Court should find the *Kazarian* policy is "legislative" is not lost on the Court, where Da Costa Xavier elsewhere relied heavily on the need for the Court to "exercise [its own] independent judgment" in evaluating the Kazarian policy and not to defer to agency interpretations in the wake of *Loper Bright Enterprises*, 603 U.S. 369. Filing 21 at 4 (¶ 12). Irony aside, this argument has no merit. Da Costa Xavier—like Etsy—has not cited and the Court has not found any authority that initially offering a rule in a package submitted for notice and comment is a concession by the agency that one specific rule in the package necessarily is "legislative." *Etsy*, 2023 WL 3689555, at *14. Nor is there any authority that such a prior attempt to submit a rule for notice and comment estops the agency from later adopting the rule without adhering to notice-and-comment procedures if the agency determines that the rule is not subject to such procedures. *Id*. Because the rule at issue is "interpretive," it does not require notice and comment.

Because the *Kazarian* policy is an "interpretive" rule, it is not subject to the notice-and-comment requirements that Da Costa Xavier asserts should have been followed. In these circumstances, even though Da Costa Xavier prefers the decision in *Mukherji v. Miller*, 837 F. Supp. 3d 1022 (D. Neb. 2026), the Court declines to follow *Mukherji* because it is unsound and unconvincing. Also, an intra-district disagreement on the underlying merits provides no basis for allowing what this Court reiterates is a fatally flawed claim to survive a motion to dismiss.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Defendants' Motion to Dismiss in Part Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim, Filing 23, is granted in part and denied in part as follows:

1. The Motion is granted as to Count II of Plaintiff's First Amended Complaint and that claim is dismissed with prejudice; but

2. The Motion is denied as to Count III of Plaintiff's First Amended Complaint.

Dated this 10th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge